IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOURMET KITCHENS, INC., | ) | Case No. 11-19605 |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: January 12, 2012 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

To: See Attached Service List

PLEASE TAKE NOTICE that we shall appear on **January 12, 2012 at 9:30 a.m.**, we shall appear before the Honorable Jacqueline P. Cox of the United States Bankruptcy Court, Northern District of Illinois, in Courtroom 619 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF THE FINAL WATER BILL, INCLUDING THE SECURED CLAIM, OF THE CITY OF CHICAGO**, a copy of which is hereby served upon you.

> CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
> NATHAN Q. RUGG, ESQ. (ARDC #6272969)
> ERICH S. BUCK, ESQ. (ARDC #6274635)
> ADELMAN & GETTLEMAN, LTD.
> 53 West Jackson Blvd., Suite 1050
> Chicago, Illinois 60604
> (312) 435-1050
> Fax (312) 435-1059
> *Counsel for Gourmet Kitchens, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the Notice and Motion referenced herein was served upon the parties listed on the service list below, via ECF, facsimile and email, as indicated thereon, on January 9, 2012.

By: /s/ Erich S. Buck

## SERVICE LIST

**Via ECF**

Patrick S. Layng
Office of the United States Trustee
219 South Dearborn Street, Suite 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

*Counsel for U.S. Small Business Administration*
Joel Nathan, Esq.
U.S. Dept. of Justice
219 S. Dearborn St.
Chicago, IL 60604
joel.nathan@usdoj.gov

*Counsel for MB Financial*
Robert Glantz and Peter J. Roberts
Shaw Gussis Fishman Glantz
    Wolfson & Towbin LLC
321 N. Clark St, Suite 800
Chicago, IL 60654
proberts@shawgussis.com
rglantz@shawgussis.com

*Counsel for Anthony Marano Company*
Michael Stanley, Esq.
Ordower & Ordower, P.C.
One N. LaSalle St., Ste. 1300
Chicago, IL 60602
Fax: 312-263-0023
mtstanley@earthlink.net

*Counsel for 4300 Morgan LLC*
J. Matthew Pfeiffer, Esq.
Richard C. Perna, Esq.
Fuchs & Roselli, Ltd.
440 W. Randolph Street, Suite 500
Chicago, Illinois 60606
mpfeiffer@frltd.com

*Counsel for DC Norris & Company Ltd.*
c/o Deborah L. Thorne
Barnes & Thornburg, LLP
1 N. Wacker Dr., Ste. 4400
Chicago, IL 60606
kbruhnke@btlaw.com

*Counsel for Creditors Committee*
Melissa M. Hinds and Cathy Steege
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
csteege@jenner.com
mhinds@jenner.com

*Counsel for American Chartered Bank*
David L. Kane, Esq.
Meltzer, Purtill & Stelle LLC
300 S. Wacker Drive, Ste. 3500
Chicago, IL 60606
dkane@mpslaw.com

*Counsel for E-Z Spuds, Inc.*
David A. Adelman
Adelman Law Offices, P.C.
1901 N. Roselle Rd., Ste. 800
Schaumburg, IL 60195
Adelman@pacaenforcer.com

*Counsel for Kramer Mechanical, LLC*
James Wognum, Esq.
Law Office of James P. Wognum
122 S. Michigan Ave., Suite 1290
Chicago, IL 60603

*Counsel for Gordon Food Service, Inc.*
Judy B Calton, Esq.
Joseph R. Sgroi, Esq.
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue Suite 2290
Detroit, MI 48226
jcalton@honigman.com

*Counsel for Cooling Equipment Services, Inc.*
Donald J. Kindwald, Esq.
Kindwald Law Offices, P.C.
105 W. Madison St., Ste. 1800
Chicago, IL 60602
djk@kindwaldlaw.com
sko@kindwaldlaw.com

92659

*Counsel for Koch Equipment LLC*
Jeffrey S. Burns, Esq.
Crowley Barrett & Karaba, Ltd.
20 S. Clark St., Ste. 2310
Chicago, IL 60603
jburns@cbklaw.com

*Counsel for Robert Reiser & Co., Inc.*
Jeffrey A. Chadwick, Esq.
Paul J. Catanese, Esq.
McGuire Woods, LLP
77 W. Wacker Drive, Ste. 4100
Chicago, IL 60601
pcatanese@mcguirewoods.com

*Counsel for Lisa and Farzad Shahsavarani
and GKI Funding LLC*
William J. Factor, Esq.
The Law Office of William J. Factor, Ltd.
1363 Shermer Rd., Ste. 224
Northbrook, IL 60062
wfactor@wfactorlaw.com
wfactorlaw@gmail.com

*Counsel for Raymond Leasing*
Amy Knapp, Esq.
Troy M. Sphar, Esq.
Swanson Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
aknapp@smbtrials.com
tsphar@smbtrials.com

*Counsel for Taylor Prepared Foods, Inc.*
George R. Mesires, Esq.
Ungaretti & Harris, LLP
70 West Madison, Suite 3500
Chicago, IL 60602
grmesires@uhlaw.com

**VIA FACSIMILE:**

*Counsel for Unified Building Systems*
c/o Todd M. Pfeil
Pfeil, Millonzi & Curran, S.C.
1104 Mills St., P.O. Box 348
Black Earth, WI 53515
Fax:     608-767-1506
tpfeil@pmc-law.com

*Counsel for Church Brothers, LLC*
Paul W. Moncrief, Esq.
Daniel E. Griffee, Esq.
Johnson, Moncrief & Hart, PC
16 West Gabilan Street
Salinas CA 93901
Fax: 831.759.0902
Email: paul@johnsonmoncrief.com
Email: dan@johnsonmoncrief.com

*Counsel for Airgas, Inc.*
Kathleen M. Miller
Smith, Katzenstein & Jenkins LLP
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Fax:     302-652-8405
Kmiller@skjlaw.com

*Counsel for Sonoco Plastics, Inc.*
c/o Tara E. Nauful
Haynsworth Sinkler Boyd, P.A.
P.O. Box 11889
Columbia, SC 29211
Fax:     803-765-1243
tnauful@hsblawfirm.com

*Counsel for Danisco USA, Inc.*
c/o Stephen K. Dexter, Esq.
Lathrop & Gage LLP
950 17th Street, Suite 2400
Denver, Colorado 80202
Fax:     720-931-3201
sdexter@lathropgage.com

*Counsel for Fresh & Easy
Neighborhood Market, Inc.*
Hart, King & Coldren
Attn: Irene Kiet
200 Sandpointe, Fourth Floor
Santa Ana, CA 92707
Fax:     714-546-7457

*Counsel for GKI Funding, LLC and
GKI Funding II, LLC*
Attn. Steve Lorenzini, Esq.
Lamb Little & Co.
309 W. Washington, Ste. 1100
Chicago, IL 60606
Fax: 312-332-0203

92659

*Counsel for GKI Funding II, Inc.*
Scott D.H. Redman, Esq.
Crowley, Barrett & Karaba, Ltd.
20 S. Clark St., Ste. 2310
Chicago, IL 60603
Fax: 312-726-2741

*Counsel for Texas Women's Venture Fund and Texas Women's Venture Fund II*
Janice Davis, Esq.
Bracewell & Giuliani
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Fax: 214-758-8388

*Counsel for Graphic Packaging International, Inc.*
David H. Conaway, Esq.
Shumaker, Loop & Kendrick, LLP
128 S. Tryon St.
Charlotte, NC 28202
Fax: 704-332-1197

Havest Food Group, Inc.
Attn: Sharon Wanner
30 W 260 Butterfield Rd., Ste. 201
Warrenville, IL 60555
Fax: 630-821-4004

Lakeside Produce, Inc.
Attn: Carl Heaman
307 Highway 77, RR#2
Leamington, Ontario N8H 3V5
Canada
Fax: 519-322-2964

Camerican International
c/o Marcy Udasin Kaiser
Levy, Stopol & Camelo, LLP
1425 RXR Plaza
Uniondale, NY 11556-1425
Fax: 516-802-7008

Internal Revenue Service District Counsel
Special Procedures Branch
230 S. Dearborn, Suite 3030A
Chicago IL 60604
Fax: 312-566-2826

City of Chicago Department of Revenue
Water Billing and Collections Division
333 South State Street, Suite 330
Chicago, IL 60604
Attn: Eugeina Thurmond, Legal Services
Fax: 312-747-6894

92659

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GOURMET KITCHENS, INC., | ) Case No. 11-19605 |
| | ) Hon. Jacqueline P. Cox |
| Debtor. | ) |
| | ) Hearing Date: January 12, 2012 |
| | ) Hearing Time: 9:30 a.m. |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER
AUTHORIZING PAYMENT OF THE FINAL WATER BILL,
INCLUDING THE SECURED CLAIM, OF THE CITY OF CHICAGO**

TO:   THE HONORABLE JACQUELINE P. COX,
      UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Gourmet Kitchens, Inc., an Illinois corporation, debtor and debtor in possession herein ("**GKI**" or the "**Debtor**"), by and through its undersigned counsel, and hereby requests the entry of order pursuant to Sections 363 and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Code**"), authorizing the Debtor to pay the final water bill of $50,644.55 issued by the City of Chicago Department of Revenue Water Division (the "**City**"), which includes a prepetition secured claim in the amount of $42,237.62, from the Debtor's net sale proceeds held in escrow at MB Financial Bank, N.A. (the "**Motion**"). In support of the Motion, the Debtor respectfully states as follows:

**I.   INTRODUCTION**

   **A.   The Chapter 11 Case**

   1.   On May 8, 2011 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "**Code**"). Since the Petition Date, the Debtor has remained in possession of its assets and has

1

continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108 in the above-captioned case (the "**Chapter 11 Case**").

2. There has not been a trustee appointed in the Chapter 11 Case. The Office of the United States Trustee appointed a committee of unsecured creditors (the "**Committee**") on May 17, 2011.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (M).

4. The statutory predicates for the relief requested herein are Sections 363 and 105 of the Bankruptcy Code and, to the extent applicable, Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure Bankruptcy Rule (the "**Bankruptcy Rules**").

### B. The Debtor's Business

5. Founded in 1989, the Debtor is an Illinois corporation that had approximately 270 employees at the Petition Date, with its principal place of business and headquarters in Chicago, Illinois. The Debtor was in the business of producing and selling both private label and branded meals, sandwiches, salads, dips, seasonal products, service case bulk items, and a variety of specialty food product lines. More specifically, the Debtor developed restaurant-quality prepared meals, with clean, healthy ingredient labels, for sale to a number of leading U.S. grocery retailers and mass merchants.

### C. Sale of Substantially of the Debtor's Assets

6. On November 8, 2011, the Debtor filed a motion [Docket No. 195] to establish a formal sale effort on an expedited basis for the benefit of all creditors and interested parties in the Chapter 11 Case. On November 16, 2011, this Court entered an order [Docket No. 207]

2

approving an auction and sale process and stalking horse offer for substantially all of the assets of the Debtor (the "**Sale Process Order**").

7.  Pursuant to the Sale Process Order the Debtor held a public auction on November 30, 2011. After a hearing held on December 1, 2011, the Court entered a sale order [Docket No. 236] (the "**Sale Order**") approving the highest and best offer received by the Debtor for substantially all of the assets of the estate (the "**Successful Bid**"), which offer was submitted by Taylor Prepared Foods, Inc., a Delaware corporation ("**Taylor**").

8.  In accordance with the Sale Order and the Asset Purchase Agreement between the Debtor and Taylor (the "**APA**"), a copy of which is attached to the Sale Order as Group Exhibit "A", the parties closed the sale transaction on December 8, 2011 (the "**Closing**"). Among the assets sold to Taylor was the Debtor's interest in certain real estate located at 200 N. Artesian Ave., Chicago Illinois (the "**Artesian Property**").

9.  In accordance with the Sale Order, the net sale proceeds from the sale of substantially all of the Debtor's assets (the "**Net Sale Proceeds**"), including the Artesian Property, were transferred at the Closing to an escrow account at MB Financial Bank, N.A. (the "**Escrow Account**").

10. As part of the sale transaction, and as provided under Sections 3.2 and 6.11 of the APA, the Debtor was required to execute, among other things, a Real Property Transfer Tax Declaration (the "**Transfer Declaration**") in order to effectuate the payment of city, county and state transfer taxes arising from the sale of the Artesian Property to Taylor. A true and correct copy of the Transfer Declaration is attached hereto as <u>Exhibit A</u> and incorporated by reference herein.

3

11.    Satisfaction of the obligations to the City under the Transfer Declaration requires, among other things, that the Debtor obtain from the City a full-payment certificate, showing that City has conducted a final water meter reading for the Artesian Property and reflecting all amounts due and owing the City on account of water service through the date of the final reading (the "**Full-Payment Certificate**").

12.    Given Taylor's insistence on closing as soon as feasible after the Court's entry of the Sale Order, as well as the City's slow response to GKI's application to secure the Full-Payment Certificate, GKI was forced to close prior to obtaining the certificate. Consequently, the Closing also occurred prior to payment of the City of Chicago transfer taxes and completion of the Transfer Declaration.

13.    In order to close under those circumstances, Chicago Title and Trust Company ("**Chicago Title**"), the title company handling the Closing, required as a condition to close that $10,000 in sale proceeds be put in escrow with Chicago Title for payment of the final water bill.[1] Chicago Title also required that GKI and Taylor execute indemnity agreements holding the respective entities liable in the event that any additional amounts become due and owing to the City with respect to the Transfer Declaration and Full-Payment Certificate. Chicago Title also held in escrow the trustee's deed to the Artesian Property, which Chicago Title cannot record on Taylor's behalf until full satisfaction of the final water bill and payment of the City of Chicago transfer taxes. A true and correct copy of the indemnity agreement executed on December 7, 2011 by the Debtor in favor of Chicago Title (the "**Indemnity Agreement**") is attached hereto as Exhibit B and incorporated by reference herein.

---

[1] The $10,000 being held in escrow by Chicago Title is separate and apart from the Net Sale Proceeds being held in the Escrow Account, which as of the date of this Motion is $11,711,309.75.

4

14.    After a concerted, intensive effort by GKI, Taylor and Chicago Title over the course of four weeks to secure the Full-Payment Certificate[2], on December 30, 2011, GKI finally received the certificate from the City. A true and correct copy of the Full-Payment Certificate is attached hereto as <u>Exhibit C</u> and incorporated by reference herein.

15.    Pursuant to the Full-Payment Certificate, the City asserts a total outstanding indebtedness of $50,644.55 based on water service provided through the date of the final meter reading on December 29, 2011 (collectively, the "**Final Water Bill**"). True and correct copies of the invoices dated December 29, 2011 reflecting the Final Water Bill are attached hereto as <u>Exhibit D</u> and incorporated by reference herein.

16.    Of that Final Water Bill total, $42,237.62 is comprised of unpaid prepetition water service at the Artesian Property. True and correct copies of the invoices reflecting the Secured Claim (hereinafter defined) are attached hereto as <u>Exhibit E</u> and incorporated by reference herein.

17.    The unpaid prepetition water usage is also reflected in that certain Claim No. 98-1 filed by the City on July 25, 2011 in the amount of $42,237.62 (the "**Secured Claim**"). The City has asserted that the claim is secured by a statutory lien pursuant to 65 ILCS 5/11-126-4. A true and correct copy of the Secured Claim is attached hereto as <u>Exhibit F</u> and incorporated by reference herein.

## II.    <u>RELIEF REQUESTED</u>

18.    By its Motion, the Debtor requests an order authorizing the Debtor to pay the Final Water Bill, including the Secured Claim, from the Net Sale Proceeds being held in the Escrow Account. Payment of the Final Water Bill is required to complete the sale transaction to

---

[2] Although the City typically takes only 7-10 business days to process an application for a full-payment certificate, the City in this instance took more than twice that amount of time, despite daily inquiries and regular visits to the City's office by or on behalf of the Debtor, Taylor and/or Chicago Title.

5

Document      Page 10 of 12

Taylor – namely, satisfaction of final payment under the Full-Payment Certificate, completion of the Transfer Declaration, payment of the City of Chicago transfer taxes, and recording of the trustee's deed to the Artesian Property.

19. The Debtor seeks authorization only for payment of the Final Water Bill up to and including $50,644.55. The Debtor intends to apply the $10,000 held in escrow at Chicago Title to payment of the Final Water Bill, and any remaining balance shall be transferred to the Escrow Account[3].

20. The Debtor believes that it already has authority to pay the Final Water Bill pursuant to the Sale Order and APA, both of which require the Debtor to take all steps necessary to consummate the sale to Taylor. See, e.g., Sale Order, Para. 4, at 14-15 ("Pursuant to Sections 363(b), 363(f) and 365(b) of the Code, Debtor is authorized, empowered, and, subject to the terms of the APA and this Sale Order, directed to execute, deliver and perform under, consummate, and implement the APA together with all additional instruments and documents that are required by Purchaser and may be reasonably necessary or desirable to implement the APA, and to take any and all action as it is deemed necessary, appropriate, or advisable for the purposes of assigning, transferring, granting, conveying, and conferring to Purchaser or reducing to possession, the Acquired Assets [including the Artesian Property], or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA, including, without limitation, any and all actions reasonably requested by Purchaser which are consistent with the APA."); see also, e.g., APA [Group Exhibit "A" to Sale Order], Sections 3.2 & 6.11.

---

[3] In addition, $1,794.01 of the Final Water Bill arises from water usage occurring subsequent to the Closing. As such, Taylor has confirmed that it will reimburse the Debtor for that portion of the Final Water Bill, which the Debtor will then deposit in the Escrow Account. For the sake of efficiency, however, the Debtor will pay the entirety of the Final Water Bill so as to complete the sale transaction without further logistical delay.

6

21.     Notwithstanding the foregoing authority, and in an abundance of caution, the Debtor seeks further order of this Court expressly authorizing payment of the Final Water Bill. Pursuant to Section 363(b) of the Code, the Debtor may use property of the estate outside the ordinary course of business after notice and hearing. 11 U.S.C. § 363(b).

22.     Payment of the Final Water Bill, including the Secured Claim, from the Net Sale Proceeds is warranted in order to preserve the value of the Debtor's estate. Unless and until the Debtor is able to complete the sale transaction in full, which includes payment of the Final Water Bill and recording of the trustee's deed to the Artesian Property, the Debtor remains liable not only for the Final Water Bill but also has potentially significant exposure to Taylor in connection with the Debtor's obligations under the Sale Order and APA, and to Chicago Title under the Indemnity Agreement.

23.     Accordingly, the Debtor believes that the authority to pay the Final Water Bill is in the best interests of the Debtor's estate, its creditors and all parties-in-interest.

## III.  NOTICE

24.     The Debtor served notice of the Motion and a copy of the Motion with all exhibits via facsimile, ECF filing and/or e-mail onto the following persons: (a) counsel for the Committee; (b) each of the Secured Creditors or their counsel, including MB Financial Bank, N.A. and the City; (c) the United States Trustee's Office in this District; and (d) all other entities that have filed requests for notices pursuant to Rule 2002 of the Bankruptcy Rules. The Debtor requests that such notice be deemed adequate and reasonable under the Code and Bankruptcy Rules.

25.     In addition, in the light of the urgency of this matter as set for above, the Debtor further requests that this Court exercise its authority under Bankruptcy Rule 2002(i), 9006 and

9007 to shorten the applicable notice periods as may be necessary to accommodate prompt payment of the Final Water Bill.

WHEREFORE, Gourmet Kitchen, Inc., debtor and debtor-in-possession herein, respectfully requests that the Court authorize payment of the Final Water Bill from the Net Sale Proceeds and enter an order substantially in the form filed herewith, and grant such other and further relief as is just and proper, consistent with the terms hereof.

Respectfully Submitted:

GOURMET KITCHENS, INC.

By: /s/ Erich S. Buck
    One of its attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050
*Counsel for Gourmet Kitchens, Inc.*