**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GOURMET KITCHENS, INC. | ) |
| Debtor. | ) Case No. 11-19605 |
| | ) Hon. Jacqueline P. Cox |
| | ) Hearing Date: April 17, 2014 at 10:30 a.m. |

**NOTICE OF SECOND INTERIM AND
<u>FINAL FEE APPLICATION OF JENNER & BLOCK LLP</u>**

TO:  SEE ATTACHED SERVICE LIST

　　　PLEASE TAKE NOTICE that on April 17, 2014, at 10:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and present the attached **Second Interim and Final Fee Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for Gourmet Kitchens, Inc. for the Interim Period of November 1, 2011 through April 4, 2014 and the Total Compensation Period of May 18, 2011 through April 4, 2014** , at which time and place you may appear if you so desire.  Pursuant to the Order entered by the Court on March 27, 2014 [Dkt. 368] any **objections to the Final Fee Application must be filed with the Court and on or before April 14, 2014.**

Dated: April 7, 2014　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**OFFICIAL COMMITTEE OF UNSECURED
　　　　　　　　　　　　　　　　　　　CREDITORS OF GOURMET KITCHENS,
　　　　　　　　　　　　　　　　　　　INC.**

　　　　　　　　　　　　　　　　　　　By:　　　/s/ *Catherine L. Steege*
　　　　　　　　　　　　　　　　　　　　　　One of its proposed attorneys

Catherine L. Steege (ARDC #06183529)
Melissa M. Root (ARDC #06288246)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com

**CERTIFICATE OF SERVICE**

I, Catherine Steege, hereby certify that I caused a copy of the foregoing **Notice Of Motion** and **Second Interim and Final Fee Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for Gourmet Kitchens, Inc. for the Interim Period of November 1, 2011 through April 4, 2014 and the Total Compensation Period of May 18, 2011 through April 4, 2014** to be served on the individuals listed on the service list below via the Court's ECF system or by First Class, U.S. Mail, as indicated, on April 7, 2014.

/s/ *Catherine Steege*

**Served by ECF:**

- David A Adelman    adelman@pacaenforcer.com
- Jonathan T Brand    jbrand@lakelaw.com, ECF@lakelaw.com
- Erich S Buck    ebuck@ag-ltd.com, lhope@ag-ltd.com
- Jeffrey S. Burns    jburns@cbklaw.com
- Judy B Calton    jcalton@honigman.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- Jeffrey A Chadwick    jchadwick@mcguirewoods.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com; gsullivan@wfactorlaw.com; gsullivan@ecf.inforuptcy.com; wfactor@ecf.inforuptcy.com
- Chad H. Gettleman    cgettleman@ag-ltd.com
- Robert W Glantz    rglantz@shawfishman.com, bharrington@shawfishman.com
- Brian M. Graham    bmgrahampack@sbcglobal.net

- David Paul Holtkamp  dholtkamp@wfactorlaw.com, gsullivan@wfactorlaw.com; gsullivan@ecf.inforuptcy.com;dholtkamp@ecf.inforuptcy.com

- David L Kane  dkane@mpslaw.com, dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com

- Donald J. Kindwald  djk@kindwaldlaw.com, sko@kindwaldlaw.com

- Amy Knapp  aknapp@smbtrials.com

- Patrick S Layng  USTPRegion11.ES.ECF@usdoj.gov

- George R Mesires  george.mesires@faegrebd.com, donna.oberg@faegrebd.com

- James E. Morgan  jem@h2law.com, smckinney@howardandhoward.com

- Joel R Nathan  joel.nathan@usdoj.gov, paula.gabriel@usdoj.gov, marina.ravelo@usdoj.gov, carol.bithos@usdoj.gov, ecf1.ausa@usdoj.gov, patrick.johnson2@usdoj.gov

- Jeffrey K. Paulsen  jpaulsen@wfactorlaw.com, gsullivan@wfactorlaw.com; gsullivan@ecf.inforuptcy.com; jpaulsen@ecf.inforuptcy.com

- Jeffrey K. Paulsen  jpaulsen@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;jpaulsen@ecf.inforuptcy.com

- Richard C Perna  rperna@frltd.com

- J. Matthew Pfeiffer  matt@pfeifferlawoffices.com, kate@pfeifferlawoffices.com

- Peter J Roberts  proberts@shawfishman.com

- Melissa M. Root  mroot@jenner.com

- Patrick F Ross  pfross@uhlaw.com, kburde@uhlaw.com; rjanczak@uhlaw.com; eazamora@uhlaw.com

- Patrick F Ross  pfross@uhlaw.com, kburde@uhlaw.com; rjanczak@uhlaw.com; eazamora@uhlaw.com

- Nathan Q. Rugg  nrugg@ag-ltd.com, lhope@ag-ltd.com

- Troy M Sphar  tsphar@smbtrials.com

- Michael T. Stanley  mtstanley@earthlink.net

- Catherine L Steege  csteege@jenner.com, docketing@jenner.com

- Deborah L. Thorne  dthorne@btlaw.com, jbennett@btlaw.com

- James P Wognum  jpwognum@ameritech.net

**Served by First Class, U.S. Mail:**

Stephen K Dexter
Lathrop & Gage LLP
950 17th Street, Suite 2400
Denver, CO 80202

Christopher R Elliott
Irene L Kiet
Hart King & Coldren
200 Sandpointe, Fourth Floor
Santa Ana, CA 92707

Euler Hermes ACI
800 Red Brook Boulevard
Owilngs MIlls, MD 21117

Paul W Moncrief
Daniel E Griffee
Johnson Moncrief & Hart PC
295 Main Street, Suite 600
Salinas, CA 93901

Todd M. Pfeil
Pfeil, Millonzi & Curran, S.C.
1104 Mills Street
P.O. Box 348
Black Earth, WI 53515

Joseph R Sgroi
Honigman Miller Schwartz and Cohn LLP
660 Woodward Ave
2290 First National Building
Detroit, MI 48226

David E. Shay
Seigfreid Bingham Levy Selzer & Gee PC
911 Main Street, Suite 2800
Kansas City, MO 64105

Sonoco Plastics, Inc.
c/o Tara E. Nauful
Haynsworth Sinkler Boyd, P.A.
P.O. Box 11889
Columbia, SC 29211

4300 Morgan LLC
Richard C. Perna, Esq.
J. Matthew Pfeiffer, Esq.
Fuchs & Roselli, Ltd.
440 W. Randolph Street, Suite 500
Chicago, Illinois 60606

Airgas, Inc.
c/o Kathleen M. Miller
Smith, Katzenstein & Jenkins LLP
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899

Airgas, Inc.
Mr. David Boyle
259 Radnor-Chester Road, Suite 100
P.O. Box 6675
Radnor, PA 19087-8675

Airgas North Central
P.O. Box 802588
Chicago. IL 60680
Fax: 866-507-5226

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Anthony Marano Company
c/o Michael Stanley, Esq.
Ordower & Ordower, P.C.
One N. LaSalle St., Ste. 1300
Chicago, IL 60602

3

| | |
|---|---|
| Anthony Marano Company<br>3000 S. Ashland Ave., Suite 100<br>Chicago, IL 60608 | Arthur Schuman Midwest<br>6972 Reliable Parkway<br>Chicago, IL 60686 |
| Arthur Schuman Inc.<br>40 New Dutch Lane<br>Fairfield, New Jersey 07004-2514 | Atlas Toyota Material Handling<br>5050 N. River Road<br>Schiller Park, IL 60176 |
| Atlas Toyota Material Handling<br>c/o Joel A. Schechter<br>53 West Jackson Blvd., Suite 1522<br>Chicago, IL 60604 | Cooling Equipment Services, Inc.<br>c/o Kindwald Law Offices, P.C.<br>105 W. Madison St., Suite 1800<br>Chicago, IL 60602.4651 |
| Cooling Equipment Service, Inc.<br>141 Garlisch Dr.<br>Elk Grove Village, IL 60007 | Danisco USA, Inc.<br>Attn: Rob Riley<br>4 New Century Parkway<br>New Century, KS 66031 |
| DC Norris & Company Ltd.<br>c/o Ian Jones, Director<br>Sand Road Industrial Estate<br>GB-SG193AH Bedfordshire | DC Norris & Company Ltd.<br>c/o Deborah L. Thorne<br>Barnes & Thornburg, LLP<br>1 N. Wacker Dr., Ste. 4400<br>Chicago, IL 60606 |
| Fusion Tech Integrated, Inc.<br>218 20th Avenue<br>Roseville, IL 61473 | Fusion Tech Integrated, Inc.<br>c/o Kevin C Driscoll, Jr<br>Barnes & Thornburg LLP<br>1 N Wacker Drive<br>Chicago, IL 60606-2841 |
| GKI Funding<br>Attn: Steve Lorenzini<br>309 W. Washington St., Ste. 1100<br>Chicago, IL 60606 | Gordon Food Service<br>Attn: Aaaron J. Mockridge<br>P.O. Box 2244<br>Grand Rapids, MI 49501 |
| Gordon Food Service<br>Dept CH 10490<br>Payment Processing Center<br>Palatine, IL 60055 | Koch Equipment, LLC<br>1414 W. 29th Street<br>Kansas City, MO 64108 |
| Kramer Mechanical LLC<br>690 Walker Way<br>New Lenox, IL 60451 | Michael Hartwig<br>c/o Donald J. Kindwald<br>Kindwald Law Offices, P.C.<br>105 W. Madison St., Ste. 1800<br>Chicago, IL 60602 |

4

Pamco Printed Tape & Label Co., Inc.
2200 S. Wolf Rd
Des Plaines, IL 60018

Pamco Label Co., Inc.
Attn: Alan M. Berkowitz
2200 S. Wolf
Des Plaines, IL 60015

Robert Reiser & Co., Inc.
725 Dedham Street
Canton, MA 02021

Solut!
7750-A Green Meadows Dr
Lewis Center, OH 43035

Texas Women's Venture Fund LP
c/o Janice Davis, Esq.
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, TX 75202

Texas Women
c/o TWVF and TWVF-Side
Lakelaw
420 West Clayton Street
Waukegan, IL 60085

Wigdahl Electric
625 Pratt Boulevard
Elk Grove Village, IL 60007

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>GOURMET KITCHENS, INC.<br><br>            Debtor. | Chapter 11<br><br>Case No. 11-19605<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date: April 17, 2014<br>                   10:30 A.M. |

**SECOND INTERIM AND FINAL FEE APPLICATION OF JENNER & BLOCK LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR GOURMET KITCHENS, INC. FOR THE INTERIM
PERIOD OF NOVEMBER 1, 2011 THROUGH APRIL 4, 2014 AND THE TOTAL
COMPENSATION PERIOD OF MAY 18, 2011 THROUGH APRIL 4, 2014**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, the Order Authorizing the Employment and Retention of Jenner & Block LLP as Attorneys for the Committee Pursuant to 11 U.S.C. §§ 328 and 1103 [Dkt. No. 93] (the "Retention Order"), the Order Establishing Procedures for the Payment of Interim Compensation and Reimbursement of Expenses of Professionals [Dkt. No. 105] (the "Interim Compensation Order"), and the Order Approving Distribution of Committee Carve-Out [Dkt. No. 367] (the "Carve-Out Order") Jenner & Block LLP ("Jenner"), counsel to the Official Committee of Unsecured Creditors of Gourmet Kitchens, Inc. (the "Committee"), respectfully submits this final application for reimbursement of its actual and necessary fees and expenses incurred ($93,740.50 in fees and $3,330.66 in expenses) for the period November 1, 2011 through April 4, 2014 (the "Interim Compensation Period"), and May 18, 2011 through April 4, 2014 (the "Total Compensation Period") ($159,809.00 in fees and $3,432.14 in expenses), and respectfully represents:

# BACKGROUND

1. On May 8, 2011 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code. Since that time, the Debtor has been managing its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed or designated in this Chapter 11 Case.

3. On May 17, 2011, the United States Trustee for Region 11, which includes the Bankruptcy Court for the Northern District of Illinois (the "U.S. Trustee"), filed the Notice of Appointment of Committee of Unsecured Creditors. [Dkt. No. 37.] The Committee is presently comprised of seven voting members: (a) Gordon Food Service; (b) Arthur Schuman; (c) Danisco USA, Inc.; (d) Texas Women Ventures Fund, LP; (e) Pamco Label Co., Inc.; (f) Fusion Tech Integrated, Inc.; and (g) Atlas Toyota Material Handling.

4. On March 20, 2014, this Court entered the Carve-Out Order, in which it authorized $40,000 of the Committee Carve-Out (as defined in the Carve-Out Order and Motion) to be used for the payment of Jenner's fees.

# RETENTION OF JENNER & BLOCK LLP

5. On June 14, 2011, the Court entered the Retention Order, which authorized the Committee to employ Jenner as attorneys for the Committee. The Retention Order authorizes the Committee to compensate Jenner at the firm's hourly rates charged for services of the type identified in Jenner's Retention Application and approved in the Retention Order and to reimburse Jenner for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable local rules, and the Interim Compensation Order.

6. Since May 18, 2011, Jenner has represented the Committee.

7. Jenner performed the services for which it seeks compensation on behalf of the Committee and not on behalf of any other person.

8. Under Rule 2016(b), Jenner has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than with Jenner's partners, of counsel, associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

9. On November 22, 2011, Jenner filed its First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors for Gourmet Kitchens, Inc. for the period from May 18, 2011 through October 31, 2011 [Dkt. 215], in which it sought $66,068.50 in fees and $101.48 in expenses. On December 20, 2011, the Court entered an Order approving the payment of $66,068.50 in fees and $101.48 in expenses (the "First Fee Order"). [Dkt. 250]. The Debtor has paid the amounts awarded in the First Fee Order.

10. Pursuant to the Interim Compensation Order, Jenner received $26,816.58 for services rendered and $114.23 expenses incurred during the Interim Compensation Period from November 2011 through April 2012. These payments reflect a holdback of 20 per cent, or $5,194.70. Jenner has not received any payment from the Debtor since April 2012.

11. The fees charged by Jenner in this case are billed in accordance with its general 2011-2014 billing rates and procedures in effect during the Total Compensation Period. The rates Jenner charges for the services rendered by its professionals and paraprofessionals to the Committee are the rates charged by the firm for professional and paraprofessional services rendered in comparable matters. Such fees are reasonable based on the customary compensation

3

charged by comparably skilled practitioners in comparable cases in a competitive national legal market.

12. The Committee has had opportunity to review and comment on this Application, and the Committee approves the requested amount in the Application.

13. All of the services for which compensation is sought were rendered to the Committee solely in connection with this case and not on behalf of any individual creditor or other person.

14. Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

15. Jenner has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jenner or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

16. Jenner seeks allowance herein of reasonable compensation for actual and necessary professional services rendered to the Committee during the Interim Compensation Period, in the amount of $93,740.50 (of which it has already received $26,816.58) and for reimbursement of actual, reasonable and necessary expenses incurred during the Interim Compensation Period in connection with the rendition of such services in the aggregate amount of $3,330.66 (of which it has already received $114.23).

17. Jenner seeks allowance herein of reasonable compensation for actual and necessary professional services rendered to the Retiree Committee during the Total Compensation Period,

in the amount of $159,809.00 (of which it has already received $92,885.08) and for reimbursement of actual, reasonable and necessary expenses incurred during the Total Compensation Period in connection with the rendition of such services in the aggregate amount of $3,432.14 (of which it has already received ($215.71).

## REASONABLE AND NECESSARY SERVICES
## RENDERED BY JENNER & BLOCK - GENERALLY

18. Jenner's attorneys and paraprofessionals expended a total of 185.3 hours working on these cases during the Interim Compensation Period and a total of 301.1 hours working on these cases during the Total Compensation Period. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

19. Attached hereto as <u>Exhibit A</u> is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services for the Committee during the Interim Compensation Period and the Total Compensation Period, the capacity in which each individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

20. Attached hereto as <u>Exhibit B</u> is a summary by project categories of the fees generated by the services performed during the Interim Compensation Period and the Total Compensation Period and, for each separate project category, a list of each person providing

5

services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

21. Attached hereto as Exhibit C is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement of during the Interim Compensation Period and the Total Compensation Period and the total amount for each such expense category.

22. Jenner maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with Jenner's representation of the Committee in this case. Copies of these computerized records are attached hereto as Exhibit D.

23. Attached hereto as Exhibit E is a detailed list of all expenses for which Jenner seeks reimbursement.

24. To provide an orderly summary of the services rendered to the Committee by Jenner and in accordance with the Guidelines, Jenner has established numerous billing categories in connection with this case. The following summary is intended to highlight the services rendered in each separate billing category and is not intended to be a comprehensive detailed description of the work performed.

## REASONABLE AND NECESSARY SERVICES RENDERED BY JENNER & BLOCK - CATEGORIZED BY MATTER

25. The primary professional services that Jenner rendered during the Fee Period are described in paragraphs seventeen through nineteen below.

26. **Matter 51174-10009: Case Administration.**

Jenner's work for the Committee in this category during the fee period consisted of communicating with the Committee and keeping them advised of case developments. In addition, Jenner reviewed monthly operating reports and other administrative pleadings filed in these cases. A majority of the time billed to this matter was spent in connection with determining

6

the amount of the Committee carve-out distribution, filing the motion to approve same, and responding to objections to that motion. During the Interim Compensation Period, Jenner billed 128.1 hours, at an aggregate charge of $64,892.00, to Case Administration. During the Total Compensation Period, Jenner billed 176.1 hours, at an aggregate charge of $92,124.50, to Case Administration.

27. **Matter 51774-10050: Sale of Assets.**

The time spent under this category included time spent negotiating with the Debtor and its secured lender regarding a potential sale of the Debtor's assets, negotiating with the Debtor's lender for a carve-out of any sale proceeds for the Debtor's unsecured creditors, meeting and interviewing potential brokers, reviewing sale materials, and attending hearings relating to the prospective sale process. During the Interim Compensation Period, Jenner billed 27.7 hours, at an aggregate charge of $16,693.50, to Sale of Assets. During the Total Compensation Period, Jenner billed 45.7 hours, at an aggregate charge of $28,968.50, to Sale of Assets.

28. **Matter 51774-10041: Cash Collateral.**

The time entries in this category relate to time spent attending hearings and reviewing motions an objections regarding the use of cash collateral and meeting and time spent negotiating with the Debtor and its secured lender regarding continued use of cash collateral. Time entries in this category also relate to Jenner's review of financial data provided by the Debtor to the Committee, including weekly variance reports. During the Interim Compensation Period, Jenner billed 3.6 hours, at an aggregate charge of $1,980.00, to Cash Collateral. During the Total Compensation Period, Jenner billed 33.3 hours, at an aggregate charge of $18,640.00, to Cash Collateral.

29. **Matter 51774-10017: Fee Petitions.**

The time entries in this category relate to Jenner & Block's preparation of its monthly statements, review the Debtor's monthly statements, and preparation of this Fee Application. During the Interim Compensation Period, Jenner billed 25.9 hours, at an aggregate charge of $10,175.00, to Fee Petitions. During the Total Compensation Period, Jenner billed 41.9 hours, at an aggregate charge of $17,321.00, to Fee Petitions.

30. **Matter 51774-10033: Plan.**

This category relates to Jenner & Block's conferences with the Debtor and its secured lender regarding the Debtor's restructuring goals and plan of reorganization. During the Interim Compensation Period, Jenner billed 0.00 hours to Plan. During the Total Compensation Period, Jenner billed 4.1 hours, at an aggregate charge of $2,755.00, to Plan.

## ACTUAL AND NECESSARY EXPENSES

31. During the Interim and Total Compensation Periods, Jenner has disbursed, and requests reimbursement of, the following for

|  | Interim Compensation Period | Total Compensation Period |
|---|---|---|
| AT&T Teleconferencing | $7.52 | $7.52 |
| Business Meals | - | $53.60 |
| In-City Transportation | $20.00 | $20.00 |
| Pacer Charges | $405.08 | $427.96 |
| Photocopy Expense (10 cents per page) | $354.03 | $379.03 |
| Postage | $2,034.15 | $2,034.15 |
| Westlaw Research | $509.88 | $509.88 |
| TOTAL DISBURSEMENT | $3,330.66 | $3,432.14 |

32. It is Jenner's policy to charge all of its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is Jenner's policy to charge its client only the

8

amount actually incurred by Jenner in connection with such items. Examples of such expenses are postage, Lexis and Westlaw research, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

33. Computer assisted legal research is used whenever the researcher determines that using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer assisted legal research) techniques. Jenner bills each client for the Lexis and Westlaw charges actually incurred on behalf of such client. Jenner does not prorate these charges over all clients so that each client is paying only for the Lexis and Westlaw charges incurred by that client.

34. Jenner's standard charges for scanning and document reproduction during the Total Compensation Period ranged from $.06 per page for scanning, to $.10 per page for black and white reproductions, to $.20 per page for color reproductions. These charges are recorded and captured automatically by the various systems used by Jenner personnel to scan and reproduce paper documents.

35. Jenner only charges for overseas or out-of-the-country long distance telephone calls. It does not charge for facsimile transmissions.

36. The foregoing professional services performed by Jenner were necessary and appropriate to the Committee's role in this case and were in the best interest of the Committee, the Debtor's estate and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

37. In preparing this Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Committee. That

9

data came directly from computerized records that are kept for each Jenner client. Individual time entries are maintained on written daily logs, personal computer hard drives or inputted directly into the firm's central client accounting and billing system. All time entries and expenses are uploaded into the billing system, which then produces draft client billing memoranda and invoices. Jenner attorneys have reviewed and edited the draft invoices and billing memoranda for errors prior to their submission.

38. The rates used in this Application and throughout the Compensation Period, which include 2011-2014 rates, are the customary and usual rates which Jenner charges clients on matters of this type. In addition, the disbursements for which Jenner seeks reimbursement are the customary and usual expenses for which Jenner seeks reimbursement from its clients. It is Jenner's policy to charge all of its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.

39. Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an Examiner, trustee under Chapter 11, or professional person, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
>     (A)    the time spent on such services;
>
>     (B)    the rates charged for such services;

10

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and;

    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

§ 330(a)(3).

40. Jenner respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the administration of the Debtors' estates. Jenner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Committee.

41. The services rendered by Jenner were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

42. Consistent with the deadlines and reduced service requirements established by this Court in that certain Order on Motion Requesting Dismissal of the Chapter 11 Case and Granting Related Relief, entered on March 27, 2014 [Docket No. 368], Jenner filed this Final Application on April 7, 2014 and is providing notice of the Final Application to the twenty largest creditors of the estate, all parties that have filed an appearance or requested notice in the case and the

11

Office of the United States Trustee. Pursuant to Bankruptcy Rules 2002(a) and (i), 9006 and 9007, and the afore-mentioned order, the Court has allowed such reduced notice of this Final Application. Jenner submits that such notice is adequate under the circumstances, and requests that no further notice be required

## CONCLUSION

WHEREFORE Jenner respectfully requests: (i) allowance of interim compensation to Jenner for services rendered during the Interim Compensation Period in the amount of $93,740.50 (of which it has already received $26,816.58), and application of the $40,000 of the Committee Carve-Out to these fees leaving a balance to be paid of $26,923.92; (ii) final allowance of compensation to Jenner for services rendered during the Total Compensation Period in the amount of $159,809.00; (iii) reimbursement of actual, reasonable and necessary expenses incurred during the Interim Compensation Period in connection with the rendition of such services in the aggregate amount of $3,330.66 (of which it has already received $114.23), leaving a balance to be paid of $3,216.43; (iv) reimbursement of actual, reasonable and necessary expenses incurred during the Total Compensation Period in connection with the rendition of such services in the aggregate amount of $3,432.14 (v) such other relief as may be just or proper.

Dated: Chicago, Illinois
      April 7, 2014

                              Respectfully submitted,

                              OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR GOURMET KITCHENS, INC.

                              BY:     */s/ Catherine Steege*
                                          One of Its Attorneys

Catherine L. Steege (ARDC #06183529)
Melissa M. Root (ARDC #06288246)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Phone: (312) 222-9350
Counsel to the Official Committee of Unsecured
Creditors of Gourmet Kitchens, Inc.

13