**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOURMET KITCHENS, INC., | ) | Case No. 11-19605 |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | **Hearing Date: April 17, 2014** |
| | | **Hearing Time: 10:30 a.m.** |

## NOTICE OF MOTION

To:  See Attached Service List

PLEASE TAKE NOTICE that we shall appear on **April 17, 2014 at 10:30 a.m**. before the Honorable Jacqueline P. Cox of the United States Bankruptcy Court, Northern District of Illinois, in Courtroom 680 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **FINAL APPLICATION OF SILVERMAN CONSULTING FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISORS TO DEBTOR AND DEBTOR-IN-POSSESSION FOR THE PERIOD FROM MAY 8, 2011 THROUGH OCTOBER 31, 2012**, a copy of which is hereby served upon you.

> CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
> NATHAN Q. RUGG, ESQ. (ARDC #6272969)
> ERICH S. BUCK, ESQ. (ARDC #6274635)
> ADELMAN & GETTLEMAN, LTD.
> 53 West Jackson Blvd., Suite 1050
> Chicago, Illinois 60604
> (312) 435-1050
> Fax (312) 435-1059
>
> **Counsel for Gourmet Kitchens, Inc.**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the Notice and Motion referenced herein was served upon the parties listed on the service list below, via ECF, as indicated thereon, on April 8, 2014.

> By:    /s/ Nathan Q. Rugg

#256258v2

## SERVICE LIST

**Via ECF**

Patrick S. Layng
Office of the United States Trustee
219 South Dearborn Street, Suite 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

*Counsel for U.S. Small Business Administration*
Joel Nathan, Esq.
U.S. Dept. of Justice
219 S. Dearborn St.
Chicago, IL 60604
joel.nathan@usdoj.gov

*Counsel for MB Financial*
Robert Glantz and Peter J. Roberts
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N. Clark St, Suite 800
Chicago, IL 60654
proberts@shawgussis.com
rglantz@shawgussis.com

*Counsel for Anthony Marano Company*
Michael Stanley, Esq.
Ordower & Ordower, P.C.
One N. LaSalle St., Ste. 1300
Chicago, IL 60602
Fax: 312-263-0023
mtstanley@earthlink.net

*Counsel for 4300 Morgan LLC*
J. Matthew Pfeiffer, Esq.
Richard C. Perna, Esq.
Fuchs & Roselli, Ltd.
440 W. Randolph Street, Suite 500
Chicago, Illinois 60606
mpfeiffer@frltd.com

*Counsel for DC Norris & Company Ltd.*
c/o Deborah L. Thorne
Barnes & Thornburg, LLP
1 N. Wacker Dr., Ste. 4400
Chicago, IL 60606
kbruhnke@btlaw.com

*Counsel for Creditors Committee*
Melissa M. Root and Cathy Steege
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
csteege@jenner.com
mroot@jenner.com

*Counsel for American Chartered Bank*
David L. Kane, Esq.
Meltzer, Purtill & Stelle LLC
300 S. Wacker Drive, Ste. 3500
Chicago, IL 60606
dkane@mpslaw.com

*Counsel for E-Z Spuds, Inc.*
David A. Adelman
Adelman Law Offices, P.C.
1901 N. Roselle Rd., Ste. 800
Schaumburg, IL 60195
Adelman@pacaenforcer.com

*Counsel for Kramer Mechanical, LLC*
James Wognum, Esq.
Law Office of James P. Wognum
122 S. Michigan Ave., Suite 1290
Chicago, IL 60603

*Counsel for Gordon Food Service, Inc.*
Judy B Calton, Esq.
Joseph R. Sgroi, Esq.
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue Suite 2290
Detroit, MI 48226
jcalton@honigman.com

*Counsel for Cooling Equipment Services, Inc.*
Donald J. Kindwald, Esq.
Kindwald Law Offices, P.C.
105 W. Madison St., Ste. 1800
Chicago, IL 60602
djk@kindwaldlaw.com
sko@kindwaldlaw.com

#256258v2 2

*Counsel for Koch Equipment LLC*
Jeffrey S. Burns, Esq.
Crowley Barrett & Karaba, Ltd.
20 S. Clark St., Ste. 2310
Chicago, IL 60603
jburns@cbklaw.com

*Counsel for Robert Reiser & Co., Inc.*
Jeffrey A. Chadwick, Esq.
Paul J. Catanese, Esq.
McGuire Woods, LLP
77 W. Wacker Drive, Ste. 4100
Chicago, IL 60601
pcatanese@mcguirewoods.com

*Counsel for Lisa and Farzad Shahsavarani and GKI Funding LLC*
William J. Factor, Esq.
David Paul Holtkamp, Esq.
Jeffrey K. Paulsen
The Law Office of William J. Factor, Ltd.
1363 Shermer Rd., Ste. 224
Northbrook, IL 60062
wfactor@wfactorlaw.com
wfactorlaw@gmail.com
dholdtkamp@wfactorlaw.com
jpaulsen@wfactorlaw.com

*Counsel for Raymond Leasing*
Amy Knapp, Esq.
Troy M. Sphar, Esq.
Swanson Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
aknapp@smbtrials.com
tsphar@smbtrials.com

*Counsel for Taylor Prepared Foods, Inc.*
George R. Mesires, Esq.
Ungaretti & Harris, LLP
70 West Madison, Suite 3500
Chicago, IL 60602
grmesires@uhlaw.com

*Counsel for Texas Women Ventures Fund, LP, a division or fund of TWV Capital Management, LLC*
Jonathan T. Brand
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
jbrand@lakelaw.com
ECF@lakelaw.com

*Counsel for Taylor Prepared Foods, Inc.*
David R. Doyle
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654
ddoyle@shawfishman.com
kjanecki@shawfishman.com

*Counsel for Airgas North Central, Inc.*
Brian M. Graham
7634 Lakeside Drive
Frankfort, IL 60423
bmgrahampack@sbcglobal.net

*Counsel for Taylor Prepared Foods, Inc.*
Patrick F. Ross
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602
pfross@uhlwaw.com
kburde@uhlaw.com
rjanczak@uhlaw.com
eazamora@uhlaw.com

#256258v2                                    3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTH DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOURMET KITCHENS, INC. | Case No. 11-19605 |
| Debtor. | Hon. Jacqueline P. Cox |

**FINAL APPLICATION OF SILVERMAN CONSULTING
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISORS TO DEBTOR AND DEBTOR-IN-POSSESSION FOR THE PERIOD
FROM MAY 8, 2011 THROUGH OCTOBER 31, 2012**

Pursuant to 11 U.S.C. §§ 327, 330 and 331, the Order Authorizing the Employment of Silverman Consulting as Financial Advisors to the Debtor Pursuant to 11 U.S.C. §§ 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, and the Order Establishing Procedures for the Payment of Interim Compensation and Reimbursement of Expenses of Professionals [Dkt. No. 105] (the "Interim Compensation Order"), Silverman Consulting ("Silverman"), financial advisors to the Debtor, respectfully submits this application (this "Fee Application") for (a) allowance on a final basis of compensation in the amount of $333,700.00 for the actual, reasonable, and necessary services Silverman rendered to the Debtor from May 8, 2011 through October 31, 2012 (the "Application Period"), and (b) reimbursement of the actual, reasonable and necessary expenses that Silverman incurred in the amount of $167.00 during the Fee Period. In further support of this Fee Application, Silverman respectfully states:

**Jurisdiction and Venue**

1. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. The statutory bases for the relief requested herein are Sections 105(a), 330 and 331 of the United States Code (the "Bankruptcy Code").

**Background**

4. On May 8, 2001, (the "Petition Date"), Gourmet Kitchens, Inc. (the "Debtor") commenced its case by filing a voluntary petition for relief (the "Chapter 11 Case") under Chapter 11 of Bankruptcy Code, in the United States Bankruptcy Court for the District of Northern Illinois Eastern Division (the "Court").

5. The Debtor continues in possession of its property as a Debtor-in-possession, pursuant to the provisions of Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed or designated to serve in this Chapter 11 Case.

6. An official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Case by the Office of the United States Trustee on May 17, 2011.

7. On July 12, 2011, this Court entered the Interim Compensation Order. Consistent with the Interim Compensation Order, Silverman has submitted monthly statements to the Debtor, its counsel, counsel for MB Financial Bank and the Office of the U.S. Trustee.

8. Silverman's employment by the Debtors was approved by order of the Court entered on June 14, 2011 [Dkt. No. 92].

9. Pursuant to the Order Establishing Procedures for the Payment of Interim Compensation and Reimbursement of Expenses of Professionals entered on July 13, 2011 [Dkt. No. 105], and that certain order approving the first interim application for compensation and reimbursement of expenses, entered on May 3, 2012 [Docket No. 278] (the "Interim Order"), Silverman has received the following payments to-date:

| Date | Amount |
|---|---|
| 12/7/11 | $90,000.00 |
| 12/8/11 | $47,500.00 |
| 12/23/11 | $39,908.22 |

| | |
|---|---|
| 1/6/12 | $11,958.78 |
| 5/4/12 | $47,315.00 |
| 6/5/12 | $67,051.82 |
| **Total** | **$303,733.82** |

**Terms and Conditions of Compensation of Silverman**

10. Subject to Bankruptcy Court approval, Silverman seeks compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Silverman during the Application Period. The rates charged by Silverman in this Final Application are the usual and customary hourly rates charged by Silverman to other clients. These rates are comparable with, or lower than, the rates generally charged by other financial consulting firms and the rates are reasonable in amount. Billing for these expenses is the standard practice for financial consulting firms.

11. A summary of the hours spent, the names of each professional rendering services to the Debtors during the Application Period, the regular customary billing rates and the total value of time incurred by each of the Silverman consultants rendering services to the Debtors is attached hereto as Exhibit A.

12. This Court entered the Interim Order awarding compensation for services performed from May 8, 2011 to October 31, 2011. Movant seeks approval of the interim award on a final basis.

13. In addition, Movant seeks a final award and payment of compensation (less payments already received) with respect to the services performed from November 1, 2011 through October 31, 2012 (the "Final Period"). In accordance with the United States Trustee's Guidelines For Reviewing Applications For Compensation And Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines"), a copy of Silverman's daily time records (the "Itemized Statements") by project category by consultant with respect to the Final Period is attached hereto as Exhibit B. Exhibit B provides (i) a project code category as required by recent U.S. Trustee Guidelines; (ii) the name of each financial consultant; (iii) the date on which such services were

rendered; (iv) time spent on such date for such services; and (v) a description of the nature of the services rendered.  A summary statement of fees and expenses incurred by Silverman during the entire Application Period is attached hereto as Exhibit C.  A statement of expenses incurred by Silverman during the entire Application Period is attached hereto as Exhibit D.  All time entries and requested expenses are in compliance with Local Rule 5082-1.

14. All services and costs for which compensation is requested by Silverman in this Application were reasonable and necessary and were performed for and on behalf of the Debtors during the Application Period.

15. Further, Silverman has not billed this estate in this Final Application for "overhead": (a) clerical help, (b) facsimile transmissions, and (c) copies.

16. Silverman seeks the Court's order authorizing allowance and payment of all of the professional fees and expenses described herein.

### Narrative Summary Description of Services

17. To assist the Court in its review of the fees sought by the Applicant, a breakdown of the services rendered by the Applicant is set forth in the table below:

| Task | Total Hours | Total Fees |
| --- | --- | --- |
| Business Analysis & Reports | 356.1 | $ 93.145.00 |
| Cash Collateral | 174.3 | $ 52,255.00 |
| Business Operations | 25.0 | $  6,850.00 |
| Case Administration | 97.6 | $ 25,640.00 |
| Sale of Business | 279.8 | $100,310.00 |
| Plan of Reorganization | 89.3 | $ 37,285.00 |
| Fee Applications | 24.6 | $  6,270.00 |
| DIP Loan | 23.3 | $  6,665.00 |
| Estate Administration | 19.2 | $  5,280.00 |
| **Total** | **1,089.2** | **$333,700.00** |

18. With the commencement of the Chapter 11 Case, the Debtor needed use of cash collateral in order to operate its business and maintain a going-concern value. Silverman's involvement was instrumental in the Debtor receiving initial use of cash collateral and later extensions. The use of cash collateral was conditioned upon the Debtor functioning within a strict budget. Silverman's involvement was key to tracking and managing the Debtor's expenses and disbursements carefully in order to stay within the budgeted line items and maintain sufficient liquidity.

19. Silverman's involvement in these cases included analyzing and helping to structure the Debtor's operations in an effort to reduce unnecessary overhead and operating expenses. This analysis included preparing information concerning the Debtor's operations, assets, and liabilities for potential acquirers of the Debtor's assets as well as potential capital structures for a reorganized business. This analysis was particularly challenging given the Debtor's shifting customer and product mix as well as potential changes in the Debtor's vendor base.

20. In addition to the analyses performed by Silverman as described in greater detail below, Silverman instituted periodic meetings with management to strategize on the sale of the Debtor's assets to potential acquires as well as potential sources of funded for a plan of reorganization. In addition, since the bankruptcy filing, Silverman provided the following services:

    a. <u>Business Analysis & Reports</u>: Silverman prepared a comparison of the Debtor's actual spending, receipts, sales, asset levels, and debt levels to budget each week. These comparisons required constant involvement in the Debtor's operations and conversations with management and employees to keep apprised of current operating conditions. Given the fact that the Debtor did not have debtor-in-possession ("<u>DIP</u>") financing, and therefore had to operate from the cash generated by the business and within the DIP Budgets, Silverman had to be involved in great detail with Debtor's cash management in order to continue to accurately assess the operations and be able to assist management in maintaining adequate liquidity.

    b. <u>Cash Collateral</u>: Silverman prepared the DIP cash flow budgets for the Debtor that were submitted to the Court for the continued use of cash collateral. Preparation of these budgets required the research and understanding of the Debtors revenues, collection cycle, and

5

disbursements. Numerous budgets were prepared during this period. In preparation of the rolling cash flow models, Silverman held meetings and discussions with management and key employees to discuss future sales, purchasing requirements, and staffing levels to produce positive weekly results. The financial projections included the analysis of sales projections, headcount and related payroll costs, other operating expenses necessary to fund operations, cash collections from A/R based upon sales projections and A/R aging, and borrowing requirements and availability.

      c. <u>Business Operations</u>:  Silverman acted as general financial advisor to Debtor's counsel and management regarding various operating issues, including the banking relationship, timing of announcements to employees, continued headcount reductions and general management issues. After the Debtor filed its petition for Chapter 11 protection, Silverman assisted management and employees to deal with operational challenges such as vendor communication and cash management. As it was also critical that procedures were in place to track sales, collections, disbursements, and accounts payable so that the Debtor operated within its DIP budget, Silverman also worked with the Debtor's employees to facilitate timely, accurate reporting. Silverman also tracked information regard the Debtor's operational performance to ensure prompt reaction was taken when targets for sales, collections, or expenses were not being met.

      d. <u>Case Administration</u>:  In the first months of the Chapter 11 filing, Silverman worked with management and employees to assemble and submit the required bankruptcy schedules and statement of financial affairs. Silverman also prepared the monthly reports required to be filed with the U.S. Trustee and researched and analyzed potential claims under the Perishable Agricultural Commodities Act ("PACA") among other activities.

      e. <u>Sale of Business</u>:  In order to maximize the potential recovery for creditors, Silverman worked with management to identify and communicate with potential acquires of the Debtor's assets, especially those interested in running the operations as a going concern. Silverman prepared a draft information memorandum used by the business broker, met with

6

interested parties, prepared numerous analyses and due diligence materials, assisted in the hiring of the business broker and helped to negotiate with potential stalking horse bidders.

      f. <u>Plan of Reorganization</u>: Silverman also worked extensively with management and the Debtor's attorneys to develop a plan of reorganization. This included assessing potential sources of funding and held meetings with potential sources of equity or debt to provide information on the business and propose the capital structure of the reorganized business. Silverman also analyzed the various types and amounts of potential claims to recommend how classes of claimants could be treated.

      g. <u>Fee Application</u>: This category relates to Silverman's preparation of its monthly statements and preparation of related fee applications.

      h. <u>DIP Loan</u>: This category relates to Silverman's discussions and negotiations regarding the DIP loan.

      i. <u>Estate Administration</u>: This category relates to Silverman's involvement in all miscellaneous aspects of estate administration such as account administration for estate, professional fees, etc.

21. Silverman has attempted to restrict the number of financial consultants who are substantially involved in this case so as to maximize familiarity with the subject matter and to avoid wasted time. When more than one Silverman consultant participated in any matter, such joint participation was necessary because of the complexity of the issues and problems involved, severe time constraints or the need to familiarize the additional financial consultant with the matter so that he or she could independently perform further necessary service and provide continuity.

22. No agreement exists between Silverman and any third party for the sharing of compensation received by Silverman in connection with these cases, except as allowed by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016 with respect to the sharing of compensation among the shareholders and associates of Silverman.

23. Silverman requests that the Debtor be authorized and directed to pay all amounts allowed by this Court for compensation for services provided to the Debtor by Silverman.

**Compensation Requested**

24. Silverman expended a total of 1,089.2 hours during the entire Application Period (of which, it expended 299.7 hours in the Final Period) in furtherance of its efforts on behalf of the Debtor. On a final basis, Silverman requests allowance of compensation in the amount of $333,700.00 for financial consulting services rendered during the Application Period at a blended hourly rate of $306.37, and seeks reimbursement for actual, necessary expenses during the same period in the amount of $167.00.

**Standards for Approval of Application**

25. Bankruptcy Code § 330(a) sets forth the applicable standards for compensation of professionals retained. Section 330(a)(1) of the Bankruptcy Code allows the payment of:

>   (a)   reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> 
>   (b)   reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is determined by the "market-driven approach" which considers the nature, extent and value of the services provided by the professional and the cost of comparable services in nonbankruptcy contexts. See Zolfo Cooper & Co., v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994). Thus, "the baseline rule is for firms to receive their customary rates." Zolfo Cooker, 50 F.3d at 259.

26. As stated above, the rates charged by Silverman in these cases are the usual customary rates charged to its other clients.

27. In addition, factors other than the number of hours spent and the hourly rate normally charged should be considered in fixing the amount of reasonable financial consultants' fees to be awarded in a bankruptcy case. The impact of these factors to these cases are summarized as follows:

      a. <u>Time and the labor-required</u>.   Silverman submits that the time spent in these cases is reasonable for the substantial services performed.

      b. <u>The skill required to perform the financial consulting services properly</u>.   This complex case has required special expertise. The financial consultants who have worked on these cases have demonstrated skill in their respective fields as required to provide all financial consulting services necessary to assist the estate and the Debtor.

      c. <u>The preclusion of other employment by financial consultants due to acceptance of this case</u>.  The professionals who provide services to the Debtor in this case also provide services to many other clients.  Assignments have, on occasion, been refused by Silverman professionals so that they might provide timely and effective service to the Debtor and this estate.

      d. <u>Time limitations imposed by the client or other circumstances</u>.   There have been numerous instances in this case that have required services be rendered on short notice and in exigent circumstances.

      e. <u>The experience, reputation and ability of the financial consultants</u>.   Silverman believes that it has considerable skill and experience in the fields of bankruptcy, reorganization, and operational and financial analysis, and that its reputation in these areas is excellent.

      f. <u>Results of the Case</u>.  Silverman's efforts maximized the value of the estate.

## Notice

28. No trustee or examiner has been appointed in this Chapter 11 Case.  Consistent with the deadlines and reduced service requirements established by this Court in that certain Order on Motion Requesting Dismissal of the Chapter 11 Case and Granting Related Relief, entered on March 27, 2014 [Docket No. 368], Movant filed this Final Application on April 7 and is providing notice of the Final Application to the twenty largest creditors of the estate, all parties that have filed an appearance or requested notice in the case and the Office of the United States Trustee. Pursuant to Bankruptcy Rules 2002(a) and (i), 9006 and 9007, and the afore-mentioned order, the Court has allowed such reduced notice of this Final Application to be filed with the Committee's

9

1. counsel in lieu of service to all creditors in this Chapter 11 case. Movant submits that such notice is adequate under the circumstances, and requests that no further notice be required.

WHEREFORE, Silverman respectfully requests that the Court enter an Order:

(a)  granting Silverman an allowance of reasonable and necessary professional fees in the amount of $333,700.00 and expenses in the amount of $167.00 incurred during this Final Application Period in the Debtors' chapter 11 bankruptcy proceedings, totaling $333,867.00, on a final basis;

(b)  authorizing and directing the Debtor to immediately pay all allowed fees and expenses for which Silverman has not received a payment to date to cover such fees and expenses in the amount of $30,133.18;

(c)  order that such fees and expenses be payable as administrative expenses of the Debtor's bankruptcy estate and payable directly from the Debtor to Silverman; and

(c)  granting Silverman such other and further relief as may be just.

Respectfully submitted,

SILVERMAN CONSULTING

Dated: April 7, 2014

CONSTADINOS D. TSITSIS
5750 Old Orchard Road
Skokie, Illinois 60077
Telephone: (847) 470-0200
Telecopier: (847) 470-0211

Financial Advisors to Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTH DISTRICT OF ILLINOI
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GOURMET KITCHENS, INC. | Case No. 11-19605 |
| Debtor. | Hon. Jacqueline P. Cox |

## CERTIFICATION

Constadinos D. Tsitsis certifies that:

I am a partner of Silverman Consulting ("Silverman"). Silverman was employed by the above-captioned debtor and debtor-in-possession as financial advisors pursuant to an order of this Court. This certificate is made in support of the Final Application of Silverman for Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. §§ 330 and 331 (the "Application") and in compliance with Local Rule 5082-1 of this Court, setting forth the Contents of Application for Compensation and Expenses (the "Guidelines").

I have read the Application and certify that the Application complies with the Guidelines.

Dated: April 7, 2014                SILVERMAN CONSULTING

_____
CONSTADINOS D. TSITSIS
5750 Old Orchard Road
Skokie, Illinois 60077
Telephone: (847) 470-0200
Telecopier: (847) 470-0211

Financial Advisors to Debtor and Debtor-in-Possession

11